# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GLORIA A McCUTCHEON,

    Petitioner,

v.                                                  Case No. 4:05cv18-RH/WCS

M. L. RIVERA, WARDEN,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND FOR STAY

      Petitioner filed a petition under 28 U.S.C. §2241 challenging her conviction and sentence as imposed in the United States District Court for the District of South Carolina.  The petition was based on the principles adopted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004)*,* and *United States v. Booker*, 125 S. Ct. 738 (2005).

      Judgment was entered dismissing the petition.  Petitioner has filed a motion asking this court to vacate the judgment and hold the action in abeyance pending further developments in the United States Supreme Court.  I decline to do so.  Even if there were a reasonable prospect that the Supreme Court might ultimately hold a

relevant portion of the *Apprendi* principle retroactively applicable on collateral review, and even if petitioner could then properly bring a timely, successive motion for post-conviction relief on that basis, her remedy would be under 28 U.S.C. §2255 in the District of South Carolina, not under §2241 in this court.[1]

The notice of appeal has been docketed by the clerk of this court not only as a notice of appeal but also as an application for a certificate of appealability. But a certificate of appealability is not a prerequisite to an appeal in a §2241 case challenging a federal conviction. *See* §2253(c)(1)(A) & (B) (requiring a certificate of appealability as a prerequisite to an appeal of the denial of a motion challenging a federal conviction under 28 U.S.C. §2255 and as a prerequisite to an appeal of

---

[1] The *Apprendi* line of cases recognizes two rights: first, the right to trial by jury with respect to any fact (other than a prior conviction) that would increase the maximum sentence that could be imposed on a defendant; and second, the right to have any such fact established by proof beyond a reasonable doubt. The Supreme Court has held that the jury-right component of the *Apprendi* principle is not retroactively applicable to cases on collateral review. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). As an original matter, one could argue either side of the issue whether the same should be true of the proof-beyond-a-reasonable-doubt component of the *Apprendi* principle. Decisions of the Eleventh Circuit, however, foreclose, at least at the district court level, any assertion that the proof-beyond-a-reasonable doubt component of *Apprendi* can be raised on collateral review. *See, e.g., Varela v. United States*, 40 F.3d 864 (11th Cir. 2005) (concluding that *Booker* does not apply retroactively to §2255 cases on collateral review); *McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactively applicable to cases on collateral review). None of this matters here, because defendant's remedy, if any, lies in South Carolina.

*Case No: 4:05cv18-RH/WCS*

the denial of a habeas petition challenging a *state court* conviction, but omitting any reference to a habeas petition challenging a *federal* conviction); *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

Accordingly,

IT IS ORDERED:

Petitioner's motion for reconsideration (document 7) is DENIED.  No certificate of appealability is required or will issue.

SO ORDERED this 9th day of May, 2005.

             s/Robert L. Hinkle
             Chief United States District Judge